UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF THE COMPLAINT

of

BARRY STERNLICHT, as owner of vessel M/V
BLUEFIN for Exoneration
from or Limitation of Liability,

                Petitioner.

FILED
2011 JAN 19 P 1:55
U.S. DISTRICT COURT
NEW HAVEN, CT

COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

3:11cv104 WWE

BARRY STERNLICHT (hereinafter "Petitioner"), by his attorneys, LAW OFFICES OF CYNTHIA M. GARRATY, for his Complaint seeking Exoneration from or Limitation of Liability, alleges, upon information and belief, as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, et. seq., involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2. Petitioner, Barry Sternlicht, resides at 147 Round Hill Road, Greenwich, CT 06831.

3. Petitioner is the owner of the vessel M/V BLUEFIN, a 2005 28-foot Pursuit Center Console (hereinafter referred to as the "Vessel").

4. On August 7, 2010, upon information and belief, Wilkie Bushby was the operator of a 1982 19-foot LEMA motorboat in which Brayton Bushby and Hans Kaiswer were passengers.

5. James Sternlicht was the operator of the vessel owned by Barry Sternlicht.

6. Both vessels were operating in navigable waters off the shore of Nantucket, Massachusetts when the Sternlicht vessel collided with the Bushby vessel.

7. Wilkie Bushby and Brayton Bushby notified St. Paul Fire and Marine Insurance Company that they were bringing claims on or about August 18, 2010.

8. Petitioner asserts that claims have been made in connection with this incident, in amounts which may exceed Petitioner's interest in the Vessel.

9. Any claim or claims were not due to any fault, neglect, or want of care on the part of Petitioner, or the Vessel, and occurred without Petitioner's privity or knowledge.

10. The Petitioner's vessel is valued at $120,000 (**Exhibit A**).

11. Petitioner, pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, offers an *Ad Interim* Security in the amount of $120,000, said amount being not less than the value of Petitioner's interest in the Vessel at the time of the incident and there being no pending freight. (**Exhibit B**, *Ad Interim* Security).

12. Venue in this district is proper as the Petitioner resides in this district and suit have been brought in Connecticut, *Wilkie Bushby v. James Sternlicht, et. al., Judicial District of Stamford at Stamford*, FST-CV10-6007611S.

13. Petitioner is entitled to Exoneration from liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

14. Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30505, *et. seq.* and the various statutes supplementary thereto and amendatory thereof.

15. Petitioner has provided security herewith in the form of an *Ad Interim* Security sufficient to cover his interest in the Vessel with surety ("*Ad Interim* Security") for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules For Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner prays:

(1) That this Court adjudge that Petitioner is not liable for any loss, injury, or damage arising out of the accident; or,

(2) If Petitioner is adjudged liable, that such liability be limited to the value of his interest in the Vessel in the maximum amount of $120,000 and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3) That this Court issue an order to include the following:

a. Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from Liability or Limitation of Liability to file their respective claims with the Clerk of the Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

    b. Directing Petitioner to file an *Ad Interim* Security as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident, $120,000, with interest at a rate of 6% per annum from the date of said security or whenever the Court shall so order.

    c. Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, his representatives, insurers, and the Vessel, of any and all claims, suits, actions or proceedings whether or not already begun, with respect to the incident, except in this proceeding.

(4)    That Petitioner may have such other and further relief as the justice of the case may require.

Dated: January 19, 2011

        Attorneys for Petitioner
        BARRY STERNLICHT
        as owner of M/V BLUEFIN

        By: _____ CT13188
        Cynthia M. Garraty, Esq.
        Law Offices of Cynthia M. Garraty
        Crossroad Corporate Park
        6 Devine Street
        North Haven, CT  06473
        Phone: (203) 407-6000
        Fax: (203) 407-6099
        E-mail: cmgarrat@travelers.com

# Exhibit A

**Underwritten by**
**The St Paul**
St. Paul Fire & Marine Insurance Co.

MARINA ENDORSEMENT

# INSURANCE DECLARATIONS

 SEAHORSE UNDERWRITERS

Policy No.   SH00060953

12:01 a.m. Standard Time Place of Issuance

| | Policy Period (Month/Day/Year) | |
|---|---|---|
| Producer Name: McGriff, Seibels and Williams Insurance Inc. | From: 5/03/2010 | To: 5/03/2011 |

Moored Location:  MOORING #2222 OFF OF YEIL, NANTUCKET, MA 02554

Where This Policy Covers (Refer to Navigational Territories of Policy):
COASTAL

Named Insured and Address:
BARRY STERNLICHT
121 OLD MILL RD
GREENWICH, CT 06830

NO AGENT

| | DEDUCTIBLES |
|---|---|
| Applicable to Boat and Boating Equipment | $2,400 |
| Applicable to Named or Numbered Storm | (Subject to Policy Terms & Policy Endorsements) |
| Applicable to Boat Trailer | |
| Applicable to Personal Property | $100 |
| Applicable to Dinghy / Tender | |

## BOAT(S) INSURED

| HULL | 2005 26 FT Fishboat | PURSUIT FISHING HULL ID# FFUC61610505 | Fiberglas or Ropolene | | |
|---|---|---|---|---|---|
| MAIN ENGINE(S) | TWIN | 2005 YAMAHA 2005 YAMAHA | 225 HP Outboard 225 HP Outboard | Gas Gas | 69JX1020942 69KX1006707 |

Coverage is provided only where a Limit of Coverage is shown.

| COVERAGES | AMOUNT OF INSURANCE | LIMIT OF COVERAGE | PREMIUM |
|---|---|---|---|
| Boat & Boating Equipment | Amount of Insurance and Agreed Value | $120,000 | $2,037.00 |
| Dinghy/Tender | Amount of Insurance | No Coverage | |
| Dinghy/Tender Outboard | Amount of Insurance | No Coverage | |
| Boat Trailer | Amount of Insurance | No Coverage | |
| Boating Liability | Liability Limit Each Accident for Property Damage & Bodily Injury | $500,000 | (Included Above) |
| Pollution Liability | Per Policy Terms and Conditions | $854,400 | (Included Above) |
| Longshore & Harbor Workers' Comp. | Limit of Each Accident | Included in Boating Liability | (Included Above) |
| Medical Expenses | Limit of Each Accident | $10,000 | (Included Above) |
| Personal Property | Amount of Insurance/Actual Cash Value | $5,000 | $0.00 |
| Uninsured/Underinsured Boater | Limit of Each Accident | Included in Boating Liability | (Included Above) |
| Commercial Towing & Assistance | Limit of Each Occurrence | $1,000 | $0.00 |
| | | TOTAL PREMIUM | $2,037.00 |

LOSS PAYEE: Any loss covered under this Policy is payable as interest may appear to the Policy Holder and Mortgagee

FORMS AND ENDORSEMENTS made a part of this Policy at time of issue

Countersigned This Date  1.05.2011

INSURED COPY

Agent _____

McGRIFF, SEIBELS & WILLIAMS, INC.
INSURANCE BROKERS

*Exhibit B*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT                                              CV

IN THE MATTER OF THE COMPLAINT

of                                    *AD INTERIM* SECURITY

BARRY STERNLICHT, as owner of vessel M/V
BLUEFIN for Exoneration
from or Limitation of Liability,

Petitioner.

WHEREAS, Petitioner, BARRY STERNLICHT as owner of the M/V BLUEFIN, a 2005 28-foot Pursuit Center Console motor vessel (the "Vessel") is instituting a proceeding in this Court for Exoneration from or Limitation of Liability in respect to the claim for personal injuries asserted or to be asserted in connection with an accident which is alleged to have occurred on navigable waters off of Nantucket, Massachusetts on August 7, 2010, and;

WHEREAS, the Petitioner wishes to provide this *Ad Interim* Security in the amount of the value of the Vessel as the security for any and all claims arising from the accident.

WHEREAS, the value of Petitioner's interest in the Vessel described above has been fixed at $120,000 as appears in **Exhibit A** to the Complaint filed herein;

NOW, THEREFORE, in consideration of the premises, St. Paul Fire & Marine Insurance Company, insurer of a Boat Policy pertaining to the Vessel, having an office and place of business at 300 Windsor Street, Hartford, Connecticut hereby undertakes in the sum of $120,000 with interest thereon at the rate of 6% per annum from the date hereof. If this security is contested, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of the Vessel, St. Paul Fire & Marine Insurance Company will file in this proceeding a *revised Ad Interim* Security conforming to such appraised value up to the insurance limits of liability in its Boat Policy and in the interim, this *Ad Interim* Security shall stand as security for all Claims filed in said limitation proceeding;

FURTHERMORE, solely for the limited purposes of any suit based upon this *Ad Interim* Security, St. Paul Fire & Marine Insurance Company hereby submits itself to the jurisdiction of this Court and designates, LAW OFFICES OF CYNTHIA M. GARRATY its agents for service of process, and St. Paul Fire & Marine Insurance Company agrees, together with the Petitioner, to pay the amount awarded by the final decree rendered by this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this security, with interest as aforesaid, unless the value of the Vessel shall have been

2

paid into Court or a bond or *revised Ad Interim* Security thereof shall have been given as aforesaid, in which event this Security shall be void.

**FURTHERMORE**, it is understood and agreed that the execution of this *Ad Interim* Security by the undersigned shall be binding on St. Paul Fire & Marine Insurance Company as aforesaid.

Dated: January 14, 2011

St. Paul Fire & Marine Insurance Company

Keith Brady
Director, MC-Liability

STATE OF CONNECTICUT  )
                       ) ss.: Hartford
HARTFORD COUNTY        )

On this 14th day of January, 2011, before me personally came Keith Brady, being by me duly sworn, did depose and say that he is a employed in the Boat and Yacht unit of St. Paul Fire & Marine Insurance Company and that he executed the foregoing *Ad Interim* Security, and that he executed same pursuant to his powers and duties.

Notary Public/Commissioner of the Superior Court
My Commission expires: MY COMMISSION EXPIRES MAY 31, 2012

3